UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHELINE M. PIERRE,

                Plaintiff,

-against-

JANE DOE; UPS STORE,

                Defendants.

23-CV-11248 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Katheline M. Pierre, a Manhattan resident who is appearing *pro se*, brings this action under the court's federal question jurisdiction, asserting claims under 10 U.S.C. § 921-Art. 121; the Fair Credit Reporting Act, and the Equal Credit Opportunity Act. By order dated May 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. On December 15, 2023, a Jane Doe UPS employee, who resides in Brooklyn, stole 7 boxes of wine from Plaintiff. (ECF 1 ¶ III.) Doe then assaulted and harassed Plaintiff "while wearing her UPS work gear," stole Plaintiff's mail "all year," and threw the mail in the "trash."[1] (*Id.*) Plaintiff claims that she is "missing mail" and her identity was stolen. (*Id.*) Plaintiff "had Jane Doe arres[]ted," and Doe was "apprehended," and is "wanted for every instance and act(s) of larceny." (*Id.*) According to Plaintiff, UPS, for which Plaintiff provides a Georgia address, "is respondant superior here." (*Id.* ¶ IV.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Plaintiff invokes the Fair Credit Reporting Act, the Equal Credit Opportunity Act, and 10 U.S.C. § 921-Art. 121. (*Id.*) Plaintiff alleges that she suffered damages in the amount of $75,000, and she seeks money damages and "injunctive relief barring the illegal actions of the UPS store employee." (*Id.* ¶ IV.)

## DISCUSSION

### A.   Federal claims

Plaintiff fails to state a claim under any of the three federal statutes to which she cites. First, Plaintiff alleges that Defendants violated 10 U.S.C. § 921, a provision of the Uniform Code of Military Justice ("UCMJ") prescribing criminal penalties for larceny. The UCMJ defines various military orders, regulations, offenses, and the consequences for violations of those standards by members of the armed forces of the United States. Because Plaintiff does not allege that her claims arise from matters relating to the military, the UCMJ is not applicable to this case and, in any event, it does not provide a private right of action. *See Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 482 (W.D.N.Y. 2018) (holding that the statute does "not create a private cause of action," and, in any event, "pertains to military justice law, which is wholly inapplicable to this [trademark] case."); *Rouhi v. Kettler*, No. 19-CV-3052, 2020 WL 3451871, at *3 (D. Md. June 24, 2020) (dismissing complaint for lack of subject matter jurisdiction when based, in part, on 10 U.S.C. § 921 – "a provision of the Uniform Code of Military Justice" punishing larceny – because the statute "does not incorporate a private right of action, and military justice has no application to a dispute between a tenant and her property management company.") The Court therefore dismisses any claims under Section 921 of the UCMJ that Plaintiff may be asserting.[2]

---

[2] Plaintiff cannot assert claims under any state or federal criminal statute, because the "decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring

Plaintiff also cites two other federal statutes, the Equal Credit Opportunity Act ("ECOA"), and the Fair Credit Reporting Act ("FCRA"). The ECOA "provides that it is 'unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction[,] . . . on the basis of race, color, religion, national origin, sex or marital status, or age.'" *Crawford v. Franklin Credit Mgmt. Corp.,* 758 F.3d 473, 489 (2d Cir. 2014) (quoting 15 U.S.C. § 1691(a)).

The FCRA specifies the circumstances under which a consumer report may be furnished and used. *See* 15 U.S.C. § 1681b; *Stonehart v. Rosenthal*, No. 01–CV–651, 2001 WL 910771, at *3 (S.D.N.Y. Aug. 13, 2001) ("[T]he FCRA also extends to the conduct of parties who request credit information."). Section 1681b(f) prohibits a person from using or obtaining a consumer report unless "(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification." 15 U.S.C. § 1681b(f).

Although Plaintiff cites the ECOA and FCRA, she fails to allege any facts suggesting that these statutes are relevant to the events giving rise to this complaint. Plaintiff alleges that a UPS employee stole from her and assaulted and harassed her. These statutes apply to matters involving consumer credit. The defendants named in this complaint are not creditors or furnishers of consumer reports. Accordingly, Plaintiff's claims under the ECOA and FCRA are also dismissed for failure to state a claim on which relief may be granted.

---

criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Instead, criminal activity can be reported to authorities, who will then make a determination about whether to prosecute. Plaintiff alleges that she already reported the alleged criminal conduct to the police.

### B. State law claims

#### 1. Diversity of citizenship jurisdiction

It may be Plaintiff's intention to assert claims arising under state law, but Plaintiff does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and Defendant Doe reside in New York, precluding complete diversity of citizenship.

#### 2. Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## LITIGATION HISTORY AND WARNING

Plaintiff has filed other *pro se* complaints, and has previously asserted claims similar to those set forth in this complaint. *See Pierre v. John Doe*, ECF 1:24-CV-5974, 5 (LTS) (S.D.N.Y. Aug. 14, 2024) (transferring complaint to the Eastern District of New York); *Pierre v. U.S. Off. of the Comptroller of Currency*, ECF 1:23-CV-3802, 5 (LTS) (S.D.N.Y. Aug. 7, 2023) (dismissing complaint asserting ECOA claim for failure to state a claim and on immunity grounds); *Pierre v. United States*, ECF 1:22-CV-8704, 8 (LTS) (S.D.N.Y. Dec. 7, 2022) (dismissing complaint for failure to pay filing fee or IFP application); *Pierre v. Doe*, No. 19-CV-1521 (E.D.N.Y. May 13, 2019) (dismissing complaint for failure to state a claim); *Pierre v. Johnson*, No. 19-CV-1030 (E.D.N.Y. May 13, 2019) (dismissing complaint asserting FCRA claim for failure to state a claim).

In light of this litigation history, this Court finds that Plaintiff was or should have been aware of the pleading requirements necessary to state a claim falling within this court's jurisdiction when she filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that if she abuses the privilege of proceeding IFP by filing complaints that lack merit, the Court will direct her to show cause why she should

not be barred from filing new actions IFP unless she receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff is warned that, if she abuses the privilege of proceeding IFP by filing complaints that lack merit, the Court will direct her to show cause why she should not be barred from filing new actions IFP unless she receives prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated:   October 11, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge